## Case No. 5,162.

### FURNISS et al. v. ELLIS et al.

[2 Brock. 14.] [2]

Circuit Court, D. Virginia. May Term, 1822.

[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Reported by John W. Brockenbrough, Esq.]

MARSHALL, Circuit Justice. This motion is sustained by the allegation that the demurrer ought not to have been received by the clerk; and consequently admits of no inquiry into its sufficiency, farther than is necessary to determine on the right to offer it. It was offered at a time when the right to plead was complete and under a law which authorizes the defendant to plead as many several matters, both of law and fact, as he may think necessary for his defense.[2] From the comprehensive letter of this law, there would be some difficulty in excluding any plea which the defendant might offer at a time when he had a right to offer it. The sufficiency of the plea is not submitted to the clerk. He cannot judge of it. Consequently, it would seem, he must receive it if it be tendered in proper time.

But the plaintiffs contend that there is in the nature and fitness of things, an objection to the allowance of inconsistent matter to be pleaded in the same cause which must enter into the construction of the act of assembly, and control, or at least influence, the meaning of its words. There is, they say, this inconsistency in a demurrer to the whole declaration and a plea to the whole. The demurrer confesses all the facts, and the plea denies them all.

But a demurrer confesses those facts only which are sufficiently pleaded; and the plea, as the plea of non-assumpsit, though it admits nothing, is not false, though many of the facts alleged in the declaration are true. It amounts to pleading double, but not to a positive inconsistency. I cannot however admit, that it is beyond the power of the legislature to pass an act allowing inconsistent pleas, or that a court can disregard such an act.

The plaintiffs' counsel supports his argument by reference to several English authorities, to all which it may be observed, that the law which governs the practice in England, is different from that which governs the practice in Virginia. The statute of 4 & 5 Anne, c. 16, allows the defendant to plead several matters only with the leave of the court. The English statute gives to the court a controlling power over the admission of the plea: the statute of Virginia gives the court no such power. In the exercise of this controlling power, the courts of England have prescribed rules by which they will be governed in granting or refusing an application to plead different matters. But the

---

[2] "The plaintiff in replevin, and the defendant in all other actions, may plead as many several matters, whether of law or fact, as he shall think necessary for his defence." 1 Rev. Code Va. 1819, p. 510, § 88.

courts of Virginia can prescribe no such rules. The law declares that the defendant may plead as many several matters of law and fact as he pleases, without making any application to the court necessary. The defendant in England is, when he first pleads, in the same situation as to a double plea, that the defendant in Virginia is, after his right to plead depends on the favour of the court. But the cases quoted to show that the demurrer is not good, do not show that, even in England, it ought not to be received, if tendered in proper time. In 5 Bac. Abr. 459, it is said, "if a defendant demur in abatement, the court will, notwithstanding, give a final judgment, because there cannot be a demurrer in abatement." This does not prove that the demurrer itself shall be rejected, but that it shall be received and that the judgment upon it shall be final. A judgment on a plea in abatement, or on a demurrer to a plea in abatement, is not final, but on a demurrer which contains matter in abatement it shall be final, because a demurrer cannot partake of the character of a plea in abatement. 1 Salk. 220, is quoted by Bacon and is to the same purport, indeed in the same words. These cases show that a demurrer being in its own nature a plea to the action, and being even in form a plea to the action, shall not be considered as a plea in abatement, though the special causes alleged for demurring be matter of abatement. The court will disregard those special causes, and considering the demurrer independently of them, will decide upon it as if they had not been inserted in it.

These cases go far to show that the court would overrule this demurrer, and decide the cause against the party demurring, not that it should be expunged from the pleadings. (1 Tidd, Pr. 475.) "If the defendant plead in abatement, &c." These cases show that if a plea in abatement be tendered when it is not receivable, the plaintiff may proceed as if no plea had been offered, or he may move the court to strike it out. It is obvious that they do not apply directly to the case at bar. This demurrer was receivable when it was tendered. But the counsel brings this case within their reasoning, by considering the demurrer as a plea in abatement. Now, this it cannot be. The cases cited from Bacon and Salkeld, show that a demurrer cannot be in abatement. The court, therefore, can consider this only as a general demurrer, and, of course, it was offered in proper time. Tidd (484, 485,) shows, that where a defendant is under a judge's order to plead issuably, and he pleads a plea which is not issuable, or puts in a sham demurrer, the plaintiff may consider it as a mere nullity. But these defendants were not under a judge's order to plead. They were not acting under the guidance of the court, but acting by authority of the law of the land, according to their own judgment. Had they permitted a writ of inquiry to be

entered against them, and the term at which it might be set aside to pass away; or had they been in a situation in which they could not plead but under the direction of the court, this doctrine would certainly be applicable to the case. At present, I think it is not. Tidd (482)[3] shows that the court will set aside irregular proceedings. But this is not an irregular proceeding. It is perfectly regular. The demurrer was offered in proper time, and though it may not be sustainable, it must be considered. Any plea in bar may be unsustainable; but it is not on that account to be discarded without being considered. The cases cited from the Term Reports only confirm the doctrines of Tidd.

In another book of practice which has been cited, it is said: "But if the demurrer be frivolous, only to put off the trial or for delay of the proceedings, they will not allow of such a demurrer, nor cause the other party to join, but will give judgment against the party upon his frivolous demurrer." It would require a person more conversant with the English practice than I am, to understand precisely the bearing of this dictum. The court must examine the declaration, to determine whether a demurrer be frivolous. Although the special causes assigned for demurring may be frivolous, the demurrer itself may be substantial. But be this as it may, the rule is inapplicable to this case, and perhaps to the practice of this country. The demurrer, according to our practice, can produce no delay, cannot put off the trial of the cause. Had the plaintiffs joined in demurrer, and it had appeared to be frivolous, a writ of inquiry would have been awarded and executed immediately; or the issue would have been tried without allowing a continuance. A frivolous demurrer, therefore, in this case, could not put off the cause, or have occasioned any delay. I do not know what delays, according to the practice of England, a frivolous demurrer may occasion. But this doctrine is founded on the controlling power of the courts of England over pleading, a power which the courts of this country do not possess. If the demurrer in this case was receivable, and I think it was, the refusal to join in it was a discontinuance which is provided for in the act of assembly. The plaintiffs must be nonsuited. This proceeding, however, is now under the direction of the court, and the cause may certainly be reinstated.

I come now to consider the application to amend. I have no doubt of the power of the court to allow amendments in all cases of clerical misprision, where there is any thing to amend by, but I had doubted whether the memorandum of counsel was a document by which an amendment would be made. The cases cited by Mr. Call have in a great measure removed that doubt, and

---

[3] These references are to the second American from the eighth London edition of Tidd's Practice (1828).

I am inclined to permit an amendment of the writ. An amendment of the declaration will be allowed also, but not on the ground of clerical misprision. To copy a declaration in order to file it, is no part of the duty of the clerk. He acted as the agent of the plaintiff's attorney. It is to be considered as a declaration drawn and filed by the attorney himself. In every such case the amendment will be allowed, but it is a new declaration, and the defendants are permitted to plead de novo.

This motion involves no question about the recognizance of the bail. I do not at present perceive how that recognizance can avail the party, but I do not understand that the motion extends to it.