Oldham, J. The appellant contends that the circuit court improperly struck out his 2d, 3d, 4th and 5th pleas to the declaration of the appellee who was plaintiff below. It is contended for the appellee that the pleas were inconsistent and were therefore properly stricken out. By Rev. St. ch. 116, sec. 68, it is enacted that “the plaintiff in replevin and the defendant in all other actions may plead as many several matters, whether of law or fact, as he may think necessary for his defence.” This section of the statute is verbatim, the same as the statute of "Virginia upon the same subject. See Rev. Code of Virginia of 1819, Vol. 1, p. 510, sec. 88. The right of the defendant to file inconsistent pleas under the statute of Virginia was discussed and decided in the case of Furniss et al. vs. Ellis & Allan, 2 Brock. 14. In delivering the opinion of the court in that case, Chief Justice Marshall said: “From the comprehensive letter of the law there would be some difficulty in excluding any plea which the defendant might offer at a time when he had a right to offer it. * * * But the plaintiffs contend that there is in the nature and fitness of things an objection to the allowance of inconsistent matter to be pleaded in the same cause which must enter into the act of assembly and control or at least influence the meaning of its words. There is, they say, this inconsistency in a demurrer to a whole declaration and a plea to the whole ; the demurrer confesses all the facts and the plea denies them all. *' * * I cannot however admit that it is beyond the power of the legislature to pass an act allowing inconsistent pleas, or that a court can disregard such an act. The plaintiff’s counsel supports his argument by reference to several English authorities, to all which I think it may be observed that the law which governs the practice in England is different from that which governs the practice in Virginia. The statute of 4 and 5 Anne, ch. 16, allows the defendant to plead several matters only with the leave of the court. English statute gives the court a controlling power over the admission of the plea'; the statute of Virginia gives the court no such power. In the exercise of this controlling power, the courts of England have presented rules by which they will be governed in granting or refusing an application to plead different matters. But the courts of Virginia can prescribe no such rules. The law declares that the defendant may plead as many several matters of law and fact as he pleases, without making any application to the court necessary. The defendant in England is, when he first pleads, in the same situation as to a double plea that the defendant in Virginia is after his right to plead depends on the favor of the court.” We have thus far adopted the language employed by C. J. Marshall in construing a statute precisely the same as our own, and under which he decided that the defendant might file both a plea and demurrer to the same declaration. To this extent however we are not prepared to go. The statute is in the alternative and gives to the defendant the right to plead as many pleas whether of law or fact &c. and in doing this he should be held to the order of pleading matters oflaw and fact. A plea in bar of fact is subsequent to a demurrer in the order of pleading, and the first is considered as an abandonment or waiver of the last. In Pope, Gov. use &c. vs. Latham, 1 Ark. R. 60, it was held that “a plea of non est factum denying the execution of the deed, and a plea of conditions performed admitting its execution” &c. could not be pleaded together. Although the territorial statute then in force was the same as that now in force upon the subject, yet the court does not refer to the statute or acknowledge the rights of the defendant under it. Even under the English statute the courts have allowed many inconsistent matters to be pleaded at the same time, as the authorities cited by the appellant clearly show. We believe the construction which we have given to the act is the proper one, and the rights of the defendant under the statute cannot be limited or restricted by the court. The court therefore erred in striking the pleas iron the record. Had the defendant below pleaded the same matter in several pleas, all amounting to the same thing, the court might have compelled him to elect upon which plea he would rely. The remaining question presented by the record, that the court refused to permit evidence of usury to be given to the jury under the general issue without affidavit, has already been decided at the present term in Jennings vs. Wiliamowicz, in accordance with the decision of the circuit court in this case. Reversed.